NO. 17-1320

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

BRYAN MANNING; RYAN WILLIAMS; RICHARD DECKERHOFF;
RICHARD EUGENE WALLS,
Plaintiffs-Appellants,

v.

DONALD CALDWELL; MICHAEL HERRING,
Defendants-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

_____

### APPELLANTS' PETITION FOR REHEARING *EN BANC*

_____

Jonathan L. Marcus                      Angela Ciolfi
Mark D. Young                           Elaine Poon
Maureen A. Donley                       Legal Aid Justice Center
Donald P. Salzman                       1000 Preston Avenue
Theodore M. Kneller                     Suite A
Shekida A. Smith                        Charlottesville, VA 22903
Daniel B. O'Connell                     (434) 977-0553
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7000
*Counsel for Appellants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 35(b) .................................................................................................................... 1

BACKGROUND ............................................................................................... 3

ARGUMENT ..................................................................................................... 8

    I.      THE PANEL DECISION CONFLICTS WITH *ROBINSON V. CALIFORNIA* BECAUSE IT UPHOLDS A STATUTE THAT, AS APPLIED TO PLAINTIFFS, CRIMINALIZES THE STATUS OF BEING A HOMELESS ALCOHOLIC. ................................................... 8

    II.     *FISHER* CONFLICTS WITH *MARKS* AND SHOULD BE OVERRULED. ........................... 15

    III.   THE PETITION PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE. ................... 16

CONCLUSION ................................................................................................ 17

i

# TABLE OF AUTHORITIES

**Cases**

*Fisher v. Coleman*,
  639 F.2d 191 (4th Cir. 1981) ................................................................2

*Hall v. Florida*,
  572 U.S. ——, 134 S. Ct. 1986 .............................................................3

*Haskins v. Commonwealth*,
  602 S.E. 2d 402 (Va. Ct. App. 2004) ...................................................14

*Joel v. City of Orlando*,
  232 F.3d 1353 (11th Cir. 2000) ...........................................................10

*Joshua v. Adams*,
  231 F. App'x 592 (9th Cir. 2007) ........................................................10

*Manning v. Caldwell*,
  No. 17-1320, 2018 WL 3763428 (4th Cir. Aug. 9, 2018) .......................... passim

*Marks v. United States*,
  430 U.S. 188 (1977)...................................................................2, 16

*Moore v. Texas*,
  581 U.S. ——, 137 S. Ct. 1039 (2017)...................................................3

*Papachristou v. City of Jacksonville*,
  405 U.S. 156 (1972)......................................................................15

*Powell v. Texas*,
  392 U.S. 514 (1968).............................................................. 2, 11, 12

*Robinson v. California*,
  370 U.S. 660 (1962)........................................................... 1, 8, 9, 10

*United States v. Benefield*,
  889 F.2d 1061 (11th Cir. 1989) ...........................................................10

*United States v. Stenson*,
  475 F. App'x 630 (7th Cir. 2012) ........................................................10

**Statutes**

28 U.S.C. § 2201 ...........................................................................4

28 U.S.C. § 2202 ...........................................................................4

42 U.S.C. § 1983 ...........................................................................4

Va. Code § 4.1-305 .............................................................. 1, 3, 9

Va. Code § 4.1-322 .............................................................. 1, 3, 9

Va. Code § 4.1-333 .............................................................. 1, 3, 9

Va. Code § 4.1-334 ...........................................................................9

Va. Code Ch. 184A, § 4675(35),
  *in* 1934 Supplement to the Virginia Code of 1930 (Michie 1934).......................3

Va. Code Tit. 24, Ch. 83 § 5,
  *in* Code of Virginia (3d ed. 1873)..........................................................3

**Rules**

Fed. R. App. P. 35(b)(1)(A)..................................................................2

**Other Authorities**

Brief of *Amicus Curiae* National Law Center on Homelessness & Poverty,
  *Manning v. Caldwell*, —— F.3d —— (4th Cir. Aug. 9, 2018)
  (No. 17-1320), 2017 WL 2828499 ............................................................17

Brief of Appellants,
  *Manning v. Caldwell*, —— F.3d —— (4th Cir. Aug. 9, 2018)
  (No. 17-1320), 2017 WL 2705821 ...........................................................3

Defendants' Response to Plaintiffs' Memorandum in Opposition to Defendants'
    Motion to Dismiss,
    *Hendrick v. Caldwell*, 232 F. Supp. 3d 868 (W.D. Va. 2017)
    (No. 7:16-CV-0095), 2016 WL 6661276 ............................................................14

Memorandum in Support of Defendants' Motion to Dismiss,
    *Hendrick v. Caldwell*, 232 F. Supp. 3d 868 (W.D. Va. 2017)
    (No. 7:16-CV-0095), 2016 WL 6661279 ............................................................16

Statement of Interest of the United States,
    *Bell v. City of Boise*, 993 F. Supp. 2d 1237 (D. Idaho 2014)
    (No. 1:09-cv-00540-REB) ....................................................................................12

iv

### STATEMENT REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 35(b)

Rehearing *en banc* pursuant to Federal Rule of Appellate Procedure 35 is warranted here for three reasons. First, the panel majority decision holding that Virginia's "Interdiction Statute" (collectively, Va. Code §§ 4.1-305, -322, and -333) does not violate the Eighth Amendment as applied to homeless alcoholics, *Manning v. Caldwell*, No. 17-1320, 2018 WL 3763428, at *1–8 (4th Cir. Aug. 9, 2018) [hereinafter Opinion] (to be published in F.3d), conflicts with the Supreme Court's decision in *Robinson v. California*, 370 U.S. 660 (1962) (statute prohibiting drug addiction violates the Eighth Amendment because it punishes a status). The Interdiction Statute authorizes the serial incarceration of homeless alcoholics for conduct—possession, consumption or purchase of alcohol—that is a product of their addiction and is generally permitted for Virginians 21 and older.[1] That statute punishes homeless alcoholics for their status no less than a statute outlawing homeless alcoholism. Opinion at *12–13, *15–16 (Motz, J., concurring in the judgment) [hereinafter Motz]. Consideration by the full Court is therefore

---

[1] Hereinafter references to "possession" include all activities covered by these prohibitions.

1

necessary to conform this Court's decisions with Supreme Court precedent. *See* Fed. R. App. P. 35(b)(1)(A).

Second, rehearing *en banc* is warranted to overturn a nearly forty-year-old precedent of this Court, *Fisher v. Coleman*, 639 F.2d 191 (4th Cir. 1981) (per curiam), that rejected an Eighth Amendment challenge to the Interdiction Statute. As all three panel members agreed, the *Fisher* court mistakenly attributed controlling weight to a plurality opinion in *Powell v. Texas* that distinguished the Texas public intoxication statute at issue in *Powell* from the drug addiction statute that was invalidated by the Supreme Court in *Robinson* on the ground that the Texas statute prohibited conduct, not status. *See Powell v. Texas*, 392 U.S. 514, 517–37 (1968). That error—which contravenes *Marks v. United States*, 430 U.S. 188 (1977)—can only be corrected by this Court sitting *en banc*. *See* Opinion at *16 (Motz).

Third, this appeal involves a question of exceptional importance. While the majority acknowledged that it would be impermissible for the State to "round up" undesirable individuals because they are "addicts or drunkards," *id.* at *5 (majority opinion) [hereinafter majority], that is what Plaintiffs have alleged Virginia is doing to homeless alcoholics under the Interdiction Statute, *see id.* at *12 (Motz).

2

Rehearing *en banc* is warranted to correct this long-standing injustice and require Virginia to abandon this harsh, anachronistic law.

## BACKGROUND

Named Plaintiffs are homeless alcoholics who have been arrested and prosecuted under the Interdiction Statute between eleven and thirty times in as little as four years. (JA-20 ¶¶ 49, 51; JA-22 ¶¶ 63, 65; JA-23 ¶ 75; JA-24 ¶ 77; JA-25 ¶¶ 89, 91.) Defendants are prosecutors for Roanoke and Richmond who use the Interdiction Statute—an outlier law from another era[2]—to brand Plaintiffs as "habitual drunkards" in civil interdiction proceedings under Va. Code § 4.1-333, and then use that label to repeatedly prosecute and incarcerate them under Va. Code §§ 4.1-305 and -322 for possession of alcohol.[3] (JA-13 ¶ 1; JA-16 ¶ 19; JA-

---

[2] The Interdiction Statute dates back to at least 1934, *see* Va. Code Ch. 184A, § 4675(35), *in* 1934 Supplement to the Virginia Code of 1930 (Michie 1934), although references to "habitual drunkards" appear even earlier, *see, e.g.*, Va. Code Tit. 24, Ch. 83 § 5, *in* Code of Virginia (3d ed. 1873). As Judge Motz notes, there is no analog in other states, except possibly for Utah's interdiction provisions. *See* Opinion at *15 n.3 (Motz); Brief of Appellants at 9 n.6, *Manning v. Caldwell*, —— F.3d —— (4th Cir. Aug. 9, 2018) (No. 17-1320), 2017 WL 2705821, at *9 n.6. Courts have considered the outlier nature of statutes in determining whether they violate the Eighth Amendment. *See Moore v. Texas*, 581 U.S. ——, 137 S. Ct. 1039, 1052 (2017); *Hall v. Florida*, 572 U.S. ——, 134 S. Ct. 1986, 1996 (2014).

[3] Va. Code § 4.1-305 makes it a Class 1 misdemeanor for an interdicted person, a person under 21, or an intoxicated person to purchase, possess, or consume alcohol, or attempt to do the same. Va. Code § 4.1-322 makes it a Class 1

*(cont'd)*

3

27 ¶¶ 101–02.)  The grounds for named Plaintiffs' arrests have included smelling like alcohol, being in a Walmart where alcohol was sold, sleeping in a park bathroom where a beer can was found in the trash, and being near beer cans.  (JA-21 ¶ 52; JA-23 ¶ 74; JA-24 ¶ 78; JA-26 ¶ 92.)  Plaintiffs' repeated prosecution and incarceration under the Interdiction Statute has cost them their possessions, family relationships, medication, medical care and other treatment, and prospects for long-term housing and employment.  (JA-22 ¶¶ 60–62; JA-23 ¶¶ 70–71; JA-24–25 ¶¶ 86–88; JA-26 ¶¶ 99–100.)

On March 3, 2016, Plaintiffs filed a class action complaint on behalf of all homeless alcoholics in Virginia in the U.S. District Court for the Western District of Virginia, seeking declaratory and injunctive relief against Defendants in their official capacities pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–202.  (JA-14–15 ¶¶ 12–13; JA-40 ¶¶ 173–76.)  Plaintiffs challenged the Interdiction Statute primarily on grounds that, as applied to them, it punishes their status as homeless alcoholics in violation of the Eighth Amendment.  (JA-31–34 ¶¶ 115–31; JA-34–36 ¶¶ 137–46; JA-37 ¶¶ 152–60; JA-38–39 ¶¶ 165–72.)   The district court

_____
*(cont'd from previous page)*

misdemeanor for an interdicted person to possess alcohol or be drunk in public. Plaintiffs do not challenge the "drunk in public" provision of Va. Code § 4.1-322. (JA-14 ¶ 11.)

dismissed the Complaint. (JA-95–96.) In particular, the district court viewed *Fisher* as compelling the result that the Interdiction Statute does not offend the Eighth Amendment. (JA-79.)

On August 9, 2018, a panel of this Court affirmed. The majority concluded that the Interdiction Statute, as applied to Plaintiffs, is constitutional because the law criminalizes acts rather than status. Opinion at *5 (majority). According to the majority, while *Robinson* held that criminalizing status, such as drug addiction, violates the Eighth Amendment, the State retains the power to prohibit conduct, such as the "purchase, sale, or possession of contraband." *Id*. at *2 (majority) (citation omitted). The majority reasoned that, when the Supreme Court revisited the status-conduct distinction in *Powell*, the Court did not definitively resolve whether conduct compelled by a disease could be punished under the Eighth Amendment. The majority contended that the Court split four-to-four on that issue and that Justice White—who cast the "decisive fifth vote" to uphold Powell's public intoxication conviction—"wanted to leave open the question of whether conduct compelled by addiction might be protected under *Robinson*." *Id*. at *3 (majority).

While acknowledging that *Fisher* "overextended [itself]" by according controlling weight to the *Powell* plurality opinion, the majority otherwise

5

reaffirmed *Fisher* based on its view that "it is the act of possessing alcohol—not the status of being an alcoholic—that gives rise to criminal sanctions" under the Interdiction Statute. *Id*. at *4–5 (majority). The majority expressed alarm that Plaintiffs' Eighth Amendment argument "has no plain limiting principle" and would "open the floodgates" by calling into question statutes prohibiting sex offenses, stalking, and domestic abuse, *id*. at *5 (majority), and suggested that Plaintiffs could individually pursue a Fourth Amendment claim for police misconduct instead, *id*. at *7 (majority).

Judge Motz concurred in the judgment "with reluctance and regret" only because she was bound by circuit precedent. *Id.* at *16 (Motz). Were it not for *Fisher*, Plaintiffs "have alleged an Eighth Amendment violation." *Id.* at *10 (Motz). She reasoned that the Interdiction Statute is not meaningfully different from the drug addiction statute struck down in *Robinson*, observing that "[a] statute that would be unconstitutional if accomplished in one step cannot be rendered constitutional simply by bifurcating it." *Id*. at *13 (Motz). Judge Motz found that is exactly what Virginia has done by "brand[ing] homeless alcoholics as 'habitual drunkards' before prosecuting them for involuntary manifestations of their illness." *Id*.

6

Judge Motz further disagreed with the majority's characterization of Justice White's opinion in *Powell*. She reasoned that Justice White "expressly rejected . . . [the plurality's] act-status distinction" because, for him, *Robinson* meant there is no distinction where the "act" is compelled by the "status" of addiction and homelessness. *Id*. at *11 (Motz). Judge Motz criticized the majority for "elid[ing] the fact that Powell's ability to 'stay off or leave the streets' was a decisive factor" for Justice White and that, had Powell demonstrated not only a compulsion to drink but also that he was homeless, Justice White would have "sid[ed] with the dissent." *Id*. Because Justice White supported the conviction on the narrowest grounds, Judge Motz stated that his opinion "should have controlled our holding in *Fisher*, just as it should control our analysis here." *Id*. at *12 (Motz).

Judge Motz also disputed the majority's contention that Plaintiffs' Eighth Amendment challenge, if successful, would upend the criminal law. She noted that Plaintiffs' position is not that every act that is the product of a compulsion is beyond the reach of the criminal law. *Id*. at *13–14 (Motz). Rather, it is the far narrower position that the unlawfulness of an act—here, possession of alcohol— cannot hinge on a person's status—here, a homeless alcoholic—when that act is "an involuntary manifestation" of that status. *Id*. As a result, in Judge Motz's view, Plaintiffs' position did not jeopardize the State's "power to prosecute

7

individuals—even those suffering from an illness—for breaking laws that apply to the general population." *Id.* at *14 (Motz).

Finally, Judge Motz explained that there are "many methods available to Virginia" to address homeless alcoholism that would not run afoul of the Eighth Amendment, *id.* at *14 (Motz), solutions that, as "studies have repeatedly—and convincingly—shown . . . are more effective," *id*. at *15 (Motz). Judge Motz disputed the majority's accusation that she was simply making policy arguments, pointing out not only the constitutional implications of *Robinson* and Justice White's "decisive" *Powell* opinion, but also of the Eighth Amendment's reliance on "the evolving standards of decency." *Id*. n.3. Specifically, she noted that Virginia's Interdiction Statute is an outlier, one of only two statutory schemes that penalize alcohol possession by interdicted persons. *Id*.

## ARGUMENT

**I.    THE PANEL DECISION CONFLICTS WITH *ROBINSON V. CALIFORNIA* BECAUSE IT UPHOLDS A STATUTE THAT, AS APPLIED TO PLAINTIFFS, CRIMINALIZES THE STATUS OF BEING A HOMELESS ALCOHOLIC.**

Rehearing *en banc* is warranted because the majority decision conflicts with *Robinson*. In *Robinson*, the Supreme Court struck down as cruel and unusual punishment a California statute that criminalized narcotics addiction. 370 U.S. at

666–68.  The Court announced that "[e]ven one day in prison" for the "crime" of an involuntary status or condition offends the Constitution.  *Id.* at 667.

The majority contends that the Interdiction Statute comports with *Robinson* because "it is the act of possessing alcohol—not the status of being an alcoholic—that gives rise to criminal sanctions."  Opinion at *5 (majority).  But that inaccurately describes the Interdiction Statute, which subjects only interdicted persons to the prohibition on possessing alcohol.[4]  It is Plaintiffs' status as interdicted homeless alcoholics that "gives rise to criminal sanctions" for an act that is inherent to their status and that is otherwise generally lawful for adults 21 and over.

The majority makes much of *Robinson*'s observation that states have broad power to regulate narcotics traffic and impose criminal penalties for acts such as the "unauthorized manufacture, prescription, sale, purchase, or possession of

---

[4] Indeed, the criminal provisions of the Interdiction Statute require not only proof of alcohol possession, but also proof of interdicted status.  *See* Va. Code §§ 4.1-305, -322.  In addition to habitual drunkards, under Va. Code § 4.1-333, Virginia can interdict persons convicted of driving while intoxicated.  Additionally, under Va. Code § 4.1-334, Virginia can interdict persons found guilty of "the illegal manufacture, possession, transportation, or sale of alcoholic beverages or maintaining a common nuisance as defined in § 4.1-317."  Plaintiffs' challenge is limited only to Virginia's power to prosecute them for alcohol possession as homeless alcoholics.

9

narcotics." Opinion at *2 (majority) (quoting *Robinson*, 370 U.S. at 664). But the majority ignores that, unlike alcohol possession—which is *permitted* for virtually all Virginians 21 and older—all of those acts are uniformly proscribed. *See id.* at *2-3 (majority). The majority makes the same mistake in citing other cases upholding convictions for alleged compelled violations of generally applicable state laws. *See id.* at *3 (majority) (citing *United States v. Stenson*, 475 F. App'x 630 (7th Cir. 2012) (alcoholic violated parole terms); *Joshua v. Adams*, 231 F. App'x 592 (9th Cir. 2007) (alcoholic stole two bottles of alcohol); *Joel v. City of Orlando*, 232 F.3d 1353 (11th Cir. 2000) (homeless person violated generally applicable anti-camping statute); *United States v. Benefield*, 889 F.2d 1061 (11th Cir. 1989) (drug addict unlawfully purchased food stamp coupons)).

Judge Motz recognizes that the Interdiction Statute's two-step scheme—under which the "habitual drunkard" designation precedes (and serves as a necessary predicate for) Plaintiffs' criminal prosecution for alcohol possession by an interdicted person—is a fig leaf that conceals that the statute, as applied to Plaintiffs, cannot be meaningfully distinguished from the drug addiction prohibition struck down in *Robinson*. As she explains, "[i]f the statute at issue in *Robinson* had allowed the state to 'interdict' prescription drug addicts and then arrest interdicted addicts for filling those prescriptions, the statute *effectively* would

10

also have criminalized 'being addicted to narcotics' even if it *nominally* punished only filling prescriptions." *Id*. at \*13 (Motz). Because "[s]uch a statute would surely be unconstitutional," Virginia's "brand[ing] homeless alcoholics as 'habitual drunkards' before prosecuting them for involuntary manifestations of their illness does nothing to cure the unconstitutionality of the statutory scheme." *Id*.; *see also id.* at \*16 (Motz).

The majority similarly fails to acknowledge that Justice White's opinion in *Powell* concluded that there is no meaningful distinction between punishing narcotics addiction and punishing a narcotics addict for using narcotics. Justice White stated unequivocally that "[u]nless *Robinson* is to be abandoned, the use of narcotics by an addict must be beyond the reach of the criminal law. Similarly, the chronic alcoholic with an irresistible urge to consume alcohol should not be punishable for drinking or being drunk." *Powell*, 392 U.S. at 548–49 (White, J., concurring in the result).[5] As Judge Motz observes, Justice White voted to uphold Powell's conviction for public intoxication only because Powell "did not show

---

[5] Plaintiffs do not ask this Court to go as far as the opinions of Justice White and the four *Powell* dissenters would support. Plaintiffs are not seeking a special exemption from Virginia's generally applicable public intoxication laws. Instead, they challenge only the Interdiction Statute, which, as applied to homeless alcoholics, unconstitutionally creates a status crime. (JA-14 ¶ 9.)

'that he was unable to stay off the streets'" when intoxicated. Opinion at *11 (Motz) (quoting *Powell*, 392 U.S. at 553–54 (White, J., concurring in the result)). The United States Department of Justice has taken the same position, explaining that under Justice White's approach, homeless alcoholics "may not be convicted [for public intoxication] under the Eighth Amendment" where they can show that "resisting drunkenness is impossible and . . . avoiding public places when intoxicated is also impossible." Statement of Interest of the United States at 8, *Bell v. City of Boise*, 993 F. Supp. 2d 1237 (D. Idaho 2014) (No. 1:09-cv-00540-REB) (citation omitted).

The majority claims that "Justice White himself nowhere suggested that *Powell* provided . . . a platform for a declaration that *Robinson* was no longer good law or had been overturned." Opinion at *3 (majority). But Justice White did not make that suggestion, because he believed that *it followed inexorably* from *Robinson* that an act compelled by addiction was no more punishable than the addiction itself. *See Powell*, 392 U.S. at 548–49 (White, J, concurring in the result); *see also id.* at 566–70 (Fortas, J., joined by Douglas, Brennan, Stewart, JJ., dissenting). Thus, the majority, like the *Fisher* court 37 years ago, misreads *Powell*, albeit in a different way. *Fisher* completely ignored Justice White's opinion and assumed that there were five votes embracing a distinction between

12

addiction and acts compelled by addiction, when in fact there were only four such votes. The majority here does not ignore Justice White's opinion, but fails to acknowledge that Justice White could not have made more clear his view that punishing alcoholics for publicly consuming alcohol would violate the Eighth Amendment as construed in *Robinson* when those alcoholics are indeed homeless. *See* Opinion at *10–11 (Motz).

The challenge before the Court is a narrow one. Plaintiffs do not argue that it violates the Eighth Amendment to punish any act compelled by a disease. As Judge Motz observes, "Plaintiffs do not seek a special exemption from *generally applicable* criminal laws." *Id*. at *14 (Motz). To the contrary, Plaintiffs' challenge is limited to a provision that makes their possession of alcohol a crime due only to their interdicted status as habitual drunkards. Because Plaintiffs' criminal liability hinges on that status and on an "act" that is an "involuntary manifestation of their illness," *id*. at *13 (Motz), the Interdiction Statute as applied to them is functionally indistinguishable from a statute outlawing homeless alcoholism. The majority warns that Plaintiffs' challenge would "open the floodgates," *id*. at *5 (majority), but does not point to any other statutes similarly punishing illness.[6]

---

[6] The majority cites generally applicable criminal prohibitions, Opinion at *5 (majority), restrictions that are imposed upon criminal conviction, *id*. at *6

*(cont'd)*

The majority's suggestion that the facts surrounding Plaintiffs' repeated arrests and incarceration are more "appropriately addressed" through the Fourth Amendment, *id.* at *7 (majority), highlights its failure to see the Interdiction Statute for what it is: a punishment of Plaintiffs' status as homeless alcoholics. The Interdiction Statute allows police to arrest Plaintiffs *based on their status as interdicted "habitual drunkards"* even for attempting to possess, purchase, or consume alcohol, or for constructive possession of alcohol. *See* Defendants' Response to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 6, *Hendrick v. Caldwell*, 232 F. Supp. 3d 868 (W.D. Va. 2017) (No. 7:16-CV-0095), 2016 WL 6661276 (discussing constructive possession and noting that proximity to contraband "is a factor that may be considered in determining whether the accused 'was aware of both the presence and character of the substance and that it was subject to his dominion and control'" (quoting *Haskins v. Commonwealth*, 602 S.E. 2d 402, 404 (Va. Ct. App. 2004))).

Challenging Plaintiffs' arrests on a case-by-case basis under the Fourth Amendment misses the larger systemic—and constitutional—problem created by a

---

*(cont'd from previous page)*

(majority) (discussing the Sex Offender Registration and Notification Act), and statutes that prohibit certain individuals from committing acts that would not be the involuntary manifestation of a disease, *id.* (contempt statutes that punish violation of temporary restraining orders). None of these provisions is analogous to the Interdiction Statute.

statute that punishes Plaintiffs for being homeless alcoholics. The majority proclaims it "obvious" that "it would be unlawful for the state to simply round up 'undesirable' persons based on their perceived status as addicts or drunkards," Opinion at *5 (majority) (quoting *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972)). But that is precisely what the Complaint alleges is happening under the Interdiction Statute. *See* Opinion at *15 (Motz) (majority's analysis "divorced from the law and the facts of this case"); *id.* at *12–13 (Motz) (noting that Plaintiffs allege they have been arrested and prosecuted "dozens of times[] for otherwise legal behavior" such as "sleeping in a park bathroom" near discarded beer cans or being in a Walmart where alcohol is sold (citation omitted)). Rehearing *en banc* is warranted because this result cannot be squared with *Robinson* or with Justice White's "decisive" *Powell* opinion. *See id.* at *11 (Motz).

## II. *FISHER* CONFLICTS WITH *MARKS* AND SHOULD BE OVERRULED.

As noted at the outset, *see* p. 2, *supra*, the majority acknowledged that this Court in *Fisher* mistakenly attributed controlling weight to the *Powell* plurality opinion by ignoring that Justice White—the fifth vote to uphold Powell's conviction—did not agree with the status-act distinction on which the plurality relied. *See* Opinion at *4 (majority). While all three panel members agree on this

15

point, only this Court sitting *en banc* can overturn *Fisher*. Because *Fisher* conflicts with the Supreme Court decision in *Marks*, 430 U.S. at 193, and has stood in the way of affording homeless alcoholics relief from cruel and unusual punishment under the Interdiction Statute for nearly 40 years, this Court should grant the petition in order to overrule *Fisher*.

## III.   THE PETITION PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE.

This case involves a question of exceptional importance: the constitutionality of an archaic statute that targets "a group of vulnerable, sick people for special punishment based on otherwise legal behavior (drinking alcohol) that is an involuntary manifestation of their illness." Opinion at *14 (Motz). While the majority rejected Plaintiffs' challenge, it relied on an analysis at odds with the law and the record. *See id.* at *15 (Motz). One stark example is the majority's failure to accept that Plaintiffs are being singled out for punishment because they are homeless. The majority asserts that "the criminal prohibitions against possessing, purchasing, or consuming alcohol apply both outside and inside a person's home." *Id.* at *6 (majority). Yet Defendants *conceded* that the habitual drunkard regime targets *public* behavior. *See* Memorandum in Support of Defendants' Motion to Dismiss at 37–38, *Hendrick v. Caldwell*, 232 F. Supp. 3d 868 (W.D. Va. 2017) (No. 7:16-CV-0095), 2016 WL 6661279.

16

The Interdiction Statute is a modern-day vagrancy law, a tool to sweep the streets of undesirable homeless individuals for "acts" that inevitably result from their status as homeless alcoholics and do not pose any threat to the public. As the majority itself recognizes, "arrests and punishments alike are indefensible when based on who people are rather than what they do." Opinion at *7 (majority). Virginia's sister states have found many constitutionally defensible—and more effective—ways to combat homeless alcoholism. *See id*. at *15 (Motz); *see also* Brief of *Amicus Curiae* National Law Center on Homelessness & Poverty at 17–29, *Manning v. Caldwell*, —— F.3d —— (4th Cir. Aug. 9, 2018) (No. 17-1320), 2017 WL 2828499, at *16–29. This Court should require Virginia to abandon its antiquated and unconstitutional scheme.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that this Court grant rehearing *en banc*.

17

Dated:  August 23, 2018                    Respectfully Submitted,

                                           s/ Jonathan L. Marcus

                                           Jonathan L. Marcus
                                           Mark D. Young
                                           Maureen A. Donley
                                           Donald P. Salzman
                                           Theodore M. Kneller
                                           Shekida A. Smith
                                           Daniel B. O'Connell
                                           Skadden, Arps, Slate,
                                           Meagher & Flom, LLP
                                           1440 New York Avenue, NW
                                           Washington, DC 20005
                                           (202) 371-7000


                                           Angela Ciolfi
                                           Elaine Poon
                                           Legal Aid Justice Center
                                           1000 Preston Avenue
                                           Suite A
                                           Charlottesville, VA 22903
                                           (434) 977-0553

                                           *Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.    This document complies with the type-volume limit of Fed. R. App. P. 35(b)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

- ■ this document contains 3,720 words, **or**
- ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

- ■ this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2010 in 14-point Times New Roman type, **or**

- ☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

s/ Jonathan L. Marcus

*Counsel for Appellants*

Dated: August 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2018, I electronically filed the foregoing Appellants' Petition for Rehearing *En Banc* with the Clerk of the Court using the CM/ECF system which will send notification of such filing (NEF) to the following:

Matthew Robert McGuire
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Phone: (804) 786-7773
mmcguire@oag.state.va.us

*Counsel for Appellees*

George C. Chipev                    Richard P. Bress
Latham & Watkins LLP                Latham & Watkins LLP
555 Eleventh Street, NW             555 Eleventh Street, NW
Suite 1000                          Suite 1000
Washington, DC 20004                Washington, DC 20004
Phone: (202) 637-2200               Phone: (202) 637-2200
george.chipev@lw.com                rick.bress@lw.com

Andrew D. Prins
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Phone: (202) 637-2200
andrew.prins@lw.com

*Counsel for Amicus Curiae*

And I hereby certify that I have mailed the document by United States Postal Service to the following non-filing user: N/A

By:    s/ Jonathan L. Marcus

Jonathan L. Marcus

*Counsel for Appellants*